In re FINKELSTEIN.

(District Court, S. D. New York. April 24, 1900.)

BANKRUPTCY—OPPOSITION TO DISCHARGE—CONCEALMENT OF ASSETS.

Where creditors opposing a bankrupt's application for discharge show his possession of substantial assets a year before his failure, which are not listed in his schedule nor turned over to his trustee, and which, after making all proper allowance for business losses and for expenses, remain largely unaccounted for, the burden of proof devolves upon the bankrupt to account for such disappearance of assets or give a reasonable expla-nation of his inability to do so, and, in default of either, it will be inferred that he has withheld and concealed property from his trustee, and his discharge will be refused.

In Bankruptcy. On bankrupt's application for discharge, and op-position thereto by creditors.

Adams & Adams, for bankrupt.

Eugene G. Kremer, opposed.

BROWN, District Judge. The only ground of opposition to the discharge that it seems to be necessary to notice beyond those noticed in the referee's report, is the charge of concealment of assets.

It appears that the bankrupt in January, 1897, made an itemized statement of his affairs to Dun's Agency, showing a surplus of $53,774 over his liabilities. He had been doing business for 18 years previous in Canal street. In March following he opened an additional store in Fourteenth street, which he conducted up to December 28, 1897, when he made an assignment with preferences, which was subsequently set aside as fraudulent. His schedules showed an indebtedness of $105,777.16 and assets coming to the receiver's hands amounting only to $33,500; thus showing a net loss during 1897 of $126,051.16. The examination of the bankrupt showed no special causes for this change during the year. There were no losses by bad debts in the Canal street store except a couple of thousand dollars; and none at all in the Fourteenth street store, where the sales were for cash. Deducting his estimated real estate assets, living expenses and a large allowance for expenses, there would seem to remain at least from $50,000 to $75,000 not reasonably accounted for. Sufficient is shown by the creditors in this regard to place the burden of proof upon the bankrupt to account for such a large disappearance of assets within the year previous to his assignment; or some reasonable explanation why he cannot do so. In default of either, the necessary inference must be that the bankrupt has withheld and concealed assets from his creditors and from his trustee. In re Meyers (D. C.) 96 Fed. 408, 2 Am. Bankr. Rep. 707. Until explanation made a discharge must be withheld.