### In re CONROY.

(District Court, E. D. Pennsylvania. February 4, 1905.)

#### No. 1,596.

1. BANKRUPTCY—DISCHARGE—FALSE OATH IN PROCEEDINGS.

  False testimony given by a bankrupt on his examination in respect to his ownership of, or interest in, property conveyed to his wife some years before the bankruptcy proceedings, constitutes the making of a false oath in relation to a proceeding in bankruptcy, within the meaning of Bankr. Act July 1, 1898, c. 541, § 29b (2), 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], which subjects him to punishment by imprisonment if the testimony was knowingly and fraudulently false, and requires a denial of his discharge; the matter being a legitimate subject of inquiry.

2. SAME—RIGHT TO OPPOSE DISCHARGE—PARTIES IN INTEREST.

  One who has a suit pending against a bankrupt for the recovery of a debt which is contested is a party in interest, and entitled to contest the bankrupt's right to a discharge, although his claim has not been proved in the bankruptcy proceedings.

In Bankruptcy. On application for discharge.

M. J. O'Callaghan and John W. Speckman, for bankrupt.

Joshua R. Morgan, for objecting creditor.

HOLLAND, District Judge. Joseph A. Conroy was adjudicated a bankrupt on the 17th day of March, 1903, upon a voluntary petition filed by him; and subsequently, within the time required, 12 exceptions were filed to his discharge by William P. Elder, a creditor, which were referred to a referee to take testimony and make report thereon. All the exceptions were dismissed by the referee, with the exception of the second, hereinafter set forth,.

which was sustained, and he recommended that the bankrupt's discharge be denied. Exceptions were filed to the referee's findings of fact and recommendation by the bankrupt, and Elder objected also to some of his findings, all of which were overruled, and the report is now before the court for consideration.

The reason assigned by the referee for refusing a discharge for the bankrupt is set forth in the second exception, which the referee finds from the evidence should be sustained, and is as follows:

"That the said Joseph Augustine Conroy has committed an offense punishable by imprisonment, under the bankruptcy act, in knowingly and fraudulently making a false oath in his said bankruptcy proceedings, when he testified in his examination in the said proceedings that he never owned the said property No. 2419 Clifford street, or had a dollar's worth of interest in it."

An examination of the evidence shows that the findings of facts by the referee were fully justified, in sustaining the second specification of objection against discharge, and dismissing all the others filed, and his conclusions are approved. He had the witnesses before him, and is therefore better able to judge what weight should be given to their utterances than the court, who must depend upon the written statement. The evidence given by both the bankrupt and his wife, and the witnesses called to support them, as presented in cold type, shows either that they were remarkably dull and stupid individuals, or else they were endeavoring to bolster up a manufactured story which would not tally with the documentary evidence that the excepting creditor was able to produce against them. I am inclined to the opinion that the whole story of the bankrupt in regard to the property at 2419 Clifford street is a fabrication, and the referee was justified in so finding from the evidence of the bankrupt himself, together with that of his wife, the facts and circumstances surrounding it, and the documentary evidence produced in the case.

It is objected, however, before the court, that William P. Elder is not such a party in interest as entitles him to object to the discharge, and that, even if Conroy did testify falsely as to the property on Clifford street, it having been transferred to his wife on the 18th of December, 1895, and the title remaining in her since that time, he is not now the owner thereof, and any statement he made under oath in his examination, under section 7 of the bankrupt law of July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], in regard to this property, even if false, would be no ground for a successful objection to a discharge. It has been held that a transfer of property to a man's wife in fraud of creditors nine years before the bankruptcy proceedings, and a failure to schedule this property so transferred, is no ground for objections to the discharge of the bankrupt. In re Howell (D. C.) 105 Fed. 594. But this is a different question entirely from that of "making a false oath * * * in relation to any proceeding in bankruptcy." Under section 14, subd. 1, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], a discharge will be refused if the bankrupt "has committed an offence, punishable by imprisonment, as herein provided"; and by section 29b, subd. 2, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433],

"knowingly and fraudulently making a false oath * * * in relation to any proceeding in bankruptcy" subjects the offender to "punishment by imprisonment." Was this a false oath in connection with his "proceeding in bankruptcy"? It undoubtedly was. Whether this Clifford street property can now be administered by the bankrupt's estate is not the test as to the materiality of an inquiry into its ownership by creditors. The ownership of the property was a proper, legitimate, and material matter of inquiry in this bankrupt proceeding. If the property belonged to Conroy at this time, the creditors were entitled to that information; and the original ownership of the property, and the circumstances under which it passed out of his possession, were such that they were entitled to know the exact facts as to whether or not he was originally the owner, and when and how and under what circumstances it became the property of his wife; and, in this inquiry, if he fraudulently and knowingly made a false oath in regard to the ownership of the property at any time, he committed an offense punishable by imprisonment, under the act, and therefore sufficient to prevent a discharge. In re Woodford Gaylord, 7 Am. Bankr. Rep. 1, 112 Fed. 668, 50 C. C. A. 415.

It is urged that Elder is not such a creditor as would give him a standing to object to a discharge. It appears the indebtedness arose on the 8th day of November, 1895, upon which date one Doyle, Elder, and Conroy, the bankrupt, jointly executed a note for $15,000. Subsequently Doyle and Elder paid this note, and there is a suit now pending against Conroy, the bankrupt, to recover one-third of that amount. Conroy disputes any liability on this note. It was not proven in the proceedings in bankruptcy, but, notwithstanding this fact, it is a subsisting claim against Conroy; and Elder, under the act, is a party interested to such an extent as to enable him to object to a discharge. If his claim is a just one, and he finally succeeds in obtaining a judgment, he is interested in the question of Conroy's discharge, for the reason that Conroy will not be relieved from liability on that judgment unless discharged in this proceeding, and Elder has a right to raise that question, and is interested in the result. A person has been held to have an interest sufficient to entitle him to oppose a discharge where his claim was contingent and unliquidated, so as not to be capable of being proven as a debt (Ex parte Traphagen, Fed. Cas. No. 14,140), or where he held an equitable claim only against the estate (In re Tebbetts, Fed. Cas. No. 13,817), or where his claim is being contested (In re Belden, Fed. Cas. No. 1,238), although his claim had not been proven (In re Frice [D. C.] 96 Fed. 611), or, even if it is no longer provable, he is a party in interest (In re Bimberg [D. C.] 121 Fed. 942; Loveland on Bankruptcy, § 275).

Report of the referee affirmed, and bankrupt's discharge refused.