## In re DELMOUR.

(District Court, S. D. New York. April 14, 1908.)

BANKRUPTCY—CONCEALMENT OF ASSETS—DISCHARGE DENIED.

On specifications of objection to bankrupt's petition for discharge, it is not necessary to establish concealment of assets beyond a reasonable doubt. A fair preponderance of credible testimony is sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 722.]

(Syllabus by the Court.)

In Bankruptcy. Motion to confirm report of special master denying bankrupt's discharge.

Mark G. Holstein, for objecting creditors.
Myers & Goldsmith, for bankrupt.

HOUGH, District Judge. With the cases holding, or seeming to hold, that anything more than a fair preponderance of creditable testimony is necessary to require the court to deny a discharge, I do not agree. In my judgment the law is properly stated in Re Leslie, 9 Am. Bankr. Rep. 561, 119 Fed. 406, viz., that it is not necessary to

establish concealment of assets beyond a reasonable doubt, but by a fair preponderance of creditable testimony only. Viewed in this light, the referee's report is entirely satisfactory. The testimony against the bankrupt was clear and direct. It may be admitted that it came from interested witnesses; but there are no more interested witnesses than the bankrupt and his wife. Their testimony in opposition is both shuffling and evasive, and that of the bankrupt can even from the printed page be seen to have been contemptuous.

The report is confirmed, and discharge denied.