## SEIGEL v. CARTEL et al.

(Circuit Court of Appeals, Eighth Circuit.   October 19, 1908.)

No. 2,681.

1. BANKRUPTCY (§ 414*)—FAILURE OF BANKRUPT TO ACCOUNT FOR PROPERTY
   —PRESUMPTION.
   Where a bankrupt fails to schedule or to surrender to his trustee goods
   shown to have been in his possession a short time prior to his bankrupt-
   cy, the burden rests upon him to account for the same, and, if he fails
   to do so, the presumption is that he sold them and conceals the proceeds.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*]

2. BANKRUPTCY (§ 467*)—DISCHARGE—CREDIBILITY OF WITNESS—DISCRETION
   OF COURT.
   Where the granting of a discharge to a bankrupt was objected to on
   the ground that he fraudulently concealed the proceeds of property sold,
   and there was reasonable ground for the action of the District Judge in
   discrediting his testimony in explanation, the exercise of his discretion
   will not be reviewed.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec.
   Dig. § 467.*]

Appeal from the District Court of the United States for the South-
ern District of Iowa.

M. H. Cohen, for appellant.

N. T. Guernsey and C. F. Maxwell, for appellees.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS,
District Judge.

PHILIPS, District Judge.  This is an appeal from an order of the
District Court refusing the petition of the bankrupt for final discharge.
There are six specifications of objections to the discharge.  If any one
is good in law and is sustained by sufficient evidence, the order and de-
cree of the District Court must be affirmed.

The substance of the first objection is that the bankrupt, within the
four months immediately preceding the filing of the petition in bank-
ruptcy, for the purpose of hindering, delaying, and defrauding his
creditors, transferred, removed, destroyed, and concealed, or permit-
ted to be transferred, removed, destroyed, and concealed, certain of his
assets; approximately $11,000 worth of his stock of merchandise, con-
sisting of furniture, stoves, carpets, etc.  The evidence clearly enough
shows that this merchant, between the 1st day of January, 1904, and
August of that year, just preceding the proceeding in bankruptcy, dis-
posed of between eleven and thirteen thousand dollars worth of goods.
In other words, he was short that amount of stock at the time of the
declared bankruptcy.  He was called upon by the referee to account
for these goods or their proceeds; the presumption being, as they
were not on hand, that he had disposed of them and the proceeds were
in his possession.  In re Deuell (D. C.) 100 Fed. 633; In re Cashman
(D. C.) 103 Fed. 67.  Not having scheduled or surrendered the prop-
erty to the trustee, the concealment of the proceeds, within the provi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sions of the statute, is presumed. In re Finkelstein (D. C.) 101 Fed. 418; In re Meyers (D. C.) 96 Fed. 408; In re Morgan (D. C.) 101 Fed. 982.

The only tangible explanation of this shortage of funds by the petitioner is that he lost the money in gambling at poker. His evidence was that he had long indulged this habit of gambling, and estimated that he had probably at different times lost an aggregate of $100,000. As he seems to have been a most unlucky gambler, to say the least, it was not honest for him to thus take the proceeds of the goods he had purchased on credit to indulge his passion at the expense of his confiding creditors. While the statute does not deny the benefit of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) to such a derelict, in administering the beneficent spirit of the act, the court, to prevent it becoming a covert to the delinquent undeserver, should see to it that his accounting is clear and free from reasonable doubt. He kept no book account of the withdrawal of this money or its disbursement. He did not introduce any evidence corroborative of the losses at gaming. He failed on close inquiry to give the name of one person with whom he played or the name of the proprietor of the establishment where he played, save one who was out of the state and last heard of at the St. Louis World's Exposition, thus making it quite impracticable, if not impossible, for the objecting creditors to contradict him. He could give no particular dates or particular sums lost at "the sittings." The credibility and reasonableness of his story were addressed to the judicial discretion of the District Judge. As there was, in our judgment, reasonable ground for discrediting his explanation, we will not review the exercise of that discretion. See In re Leslie (D. C.) 119 Fed. 406.

It results that the decree of the District Court must be affirmed.