### In re GARRITY.

(Circuit Court of Appeals, Second Circuit. December 11, 1917.)

#### No. 82.

1. BANKRUPTCY ☞414(1)—DISCHARGE—BURDEN OF PROOF.
      The burden of proving matters preventing discharge in bankruptcy is on the objecting creditor.

2. BANKRUPTCY ☞414(3)—DISCHARGE—EVIDENCE.
      Objections to discharge grounded upon Bankr. Act July 1, 1898, c. 541, § 29a, 30 Stat. 554 (Comp. St. 1916, § 9613), need not be proven beyond a reasonable doubt as upon an indictment, the rule being the same as in civil trials, and a fair preponderance of evidence being sufficient.

3. BANKRUPTCY ☞408(2)—DISCHARGE—RIGHT TO.
      While mere inadvertence and omissions from the schedule of debatable items by ignorant persons will not be deemed within the false oath and concealment sections of the Bankruptcy Act, yet, where a schoolteacher desiring to avoid payment for an expensive fur coat prepared for an assetless bankruptcy, omitted from her schedules salary due when they were verified, and such salary constituted the entire assets of her estate, a discharge should be denied; for she cannot by her profession plead ignorance.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Julia F. Garrity. From an order denying discharge, the bankrupt appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from order denying discharge entered in the District Court for the Southern District of New York.

The bankrupt is a teacher in the public schools of this city, receiving a salary of $2,650 annually. She became a voluntary bankrupt on December 27, 1915, and scheduled no assets. In the preceding February she had purchased on credit a sealskin garment for $900, representing that she would soon be in funds from an inheritance. In May she realized $2,250 from that source, paid some debts, and spent the rest in making holiday through the summer. She had a bank account in which she deposited her monthly checks for salary until November, 1915. By this time she had refused to pay for the sealskin coat aforesaid, denying its quality, and vendors were pursuing or threatening legal proceedings. She closed out her bank account, but by error left $3 therein, which she testified was wholly unintentional; she "did not mean to leave any" (i. e., any balance). On December 24, 1915, she had earned a month's salary ($183.29), but under the custom of the board of education payment thereof would not be made for about two weeks. When confronted with these facts on examination at first meeting of creditors she agreed to pay the trustee this asset, and did so within about four months. She scheduled but two creditors, one of whom was secured by indorsement and filed no claim. The other (and objecting) creditor is the unpaid vendor of the sealskin coat, who has procured judgment. From an order denying discharge and affirming the referee's report finding false oath and concealment of December salary, the bankrupt took this appeal.

William R. Murphy, of Brooklyn, N. Y., for appellant.

Crim & Wemple, of New York City (Mitchell W. Alexander, of New York City, of counsel), for creditor.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). That the purpose and motive of this bankruptcy was to prevent the furriers collecting their judgment is especially clear. There were no business debts to discharge that the debtor might proceed in making a livelihood. Her teacher's salary would continue, bankrupt or not, and she would get it, except for the 10 per cent. now reachable by execution under the law of New York. Such an execution was in fact levied the day before petition filed.

[1, 2] That the burden of proving matters preventing discharge is on the objector, and that mere inadvertence and omissions from schedule of debatable items by ignorant persons will not be deemed within the false oath and concealment sections of this statute, we have often held (Re McCrea, 161 Fed. 246, 88 C. C. A. 282, 20 L. R. A. [N. S.] 246; Re Cohen, 206 Fed. 457, 124 C. C. A. 363; Re Braun, 239 Fed. 113, 152 C. C. A. 155); but objections grounded on section 29a of the act need not be proven beyond a reasonable doubt as upon criminal indictment (Re Leslie [D. C.] 119 Fed. 406; Re Delmour [D. C.] 161 Fed. 589; Re Doyle [D. C.] 199 Fed. 247). The rule is the same as in civil trials; a fair preponderance suffices.

[3] This bankrupt by her profession cannot plead ignorance. The intent to prepare for an assetless bankruptcy is reasonably inferable from her own testimony as to her bank account. She has herself testified to the fact of having her December salary due when she swore to her schedules, and she has not even claimed to believe that the ordinary delay in payment enabled her to keep what she had earned before petition.

The importance of everything is relative; $183 is not absolutely a large sum, but here it was by bankrupt's own testimony the entire estate. Such an omission was not trivial, inadvertent, nor ignorant.

Furthermore both the referee (after personal examination) and the District Judge have found that there was a purpose to conceal. We do not differ with such successive considered findings of fact, except when very clearly satisfied of error.

Order affirmed, with costs.