## SINCLAIR v. BUTT.

### In re SINCLAIR.

(Circuit Court of Appeals, Eighth Circuit. October 18, 1922.)

#### No. 5887.

Bankruptcy ⬅️408(3)—Discharge properly denied for failure to schedule assets, although small and probably exempt.

Where bankrupt failed to list as assets a sum of $69.35 owing him by a railroad receiver, and also a watch, ring, and other apparel, on the erroneous advice of his attorney that the property was exempt or negligibly small, and made no claim for exemption, *held*, that his discharge was properly denied, in view of Bankruptcy Act, §§ 2, 7 (Comp. St. §§ 9586, 9591), and schedule B (5); it not being within the province of the bankrupt or his counsel to determine exemption claims, nor whether the amount involved was small enough to be disregarded.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

In the matter of Fred Stanton Sinclair, bankrupt. Bankrupt's application for discharge, objected to by Wilhelmina F. Butt, was denied, and he appeals. Affirmed.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Eugene A. Bond, of Leadville, Colo. (J. E. Robinson, of Denver, Colo., on the brief), for appellant.

Ernest Morris, of Denver, Colo., for appellee.

Before KENYON, Circuit Judge, and MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. This is an appeal from an order of the District Court denying to appellant a discharge in bankruptcy. The objections to the discharge were made by appellee, who was a creditor of the bankrupt. The schedules of the bankrupt show that he had no assets. It appeared that at the time the schedules were filed there was owing to the bankrupt by the receiver of the Denver & Rio Grande Railroad the sum of $69.35. The bankrupt had also at the time a watch, a ring, and some articles of wearing apparel. A special master was appointed to take testimony and make findings. His conclusion was expressed as follows:

"In conclusion I find that, although the bankrupt subscribed an oath to his schedule B as being a statement of all his estate, both real and personal, in accordance with the acts of Congress relating to bankruptcy, knowing that it did not make mention of any of the several items mentioned in the objection, he did not do so with fraudulent intent, and that therefore the objections are not sustained."

Following is the order of the District Court:

"This matter comes on now to be heard upon the report of the referee as special master on the objections filed by Wilhelmina F. Butt, a creditor, to the discharge of the bankrupt, and is argued by counsel; Ernest Morris, Esq., appearing as solicitor for Wilhelmina F. Butt, and J. E. Robinson, Esq., appearing as solicitor for the bankrupt. And thereupon, on consideration thereof, it is ordered by the court that the report of the special master be and the same is hereby overruled, and that the objections to the discharge of the bankrupt be and the same are hereby sustained.

"It is further ordered by the court that the petition for discharge herein be and the same is hereby denied, and that the objecting creditor have and recover of and from the estate of the bankrupt her costs by her in this behalf laid out and expended, to be taxed."

The assignments of error relied upon here are the following: (1) That the court erred in holding that the oath referred to in the objection was knowingly false when made by the bankrupt; (2) that the court erred in holding that the oath referred to in the objections was fraudulently made by the bankrupt.

It is admitted in argument that the oath of the bankrupt was knowingly false. The testimony of the bankrupt and his attorney is to the effect that the very points involved were discussed by them before the schedules were made out. In his testimony the bankrupt said:

"I did not understand that the petition must include everything I owned and possessed at the time it was made."

The attorney, with reference to the wages due the bankrupt, said:

"I asked Mr. Sinclair where he was working and how much money he had coming. He told me that he had been working for the D. & R. G. three or four days in the month of September and that this was all the wages due him. I then told Mr. Sinclair, knowing that he was married at the time and the head of a family, that in my opinion it was unnecessary to list as

one of his assets for the reason that at least 60 per cent. of the money was exempt, and it would make absolutely no difference so far as a dividend to the creditors was concerned. I was also under the impression at that time that wages for four months prior to the adjudication in bankruptcy were absolutely exempt."

On cross-examination the attorney said:

"I gave my advice to Mr. Sinclair partly on the basis that the property he spoke about was exempt. My judgment was that the property was exempt, that it would not go into the hands of the trustee, that it could not affect any of the creditors one way or the other, and that if it was not exempt, that if the law required it to be listed, the amount involved was so small it would not make any difference one way or the other. I gave my advice to Mr. Sinclair on the basis that it was small and that it was exempt. I regarded it as practically worthless and as exempt, and not passing to the trustee."

It thus appears that the bankrupt and his attorney undertook to pass upon questions solely within the jurisdiction of the bankruptcy court. That court, under section 2 of the Bankruptcy Act (Comp. St. § 9586), had the power "to determine all claims of bankrupts to their exemptions." Section 7 of the Bankruptcy Act (Comp. St. § 9591) requires the bankrupt to—

"prepare, make oath to, and file in court within ten days, unless further time is granted, after the adjudication, if an involuntary bankrupt, and with the petition if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any, and a claim for such exemptions as he may be entitled to, all in triplicate, one copy of each for the clerk, one for the referee, and one for the trustee."

In this instance the bankrupt made no claim of exemptions. Under schedule B (5) the bankrupt was required to give—

"a particular statement of the property claimed as exempt from the operation of the acts of Congress relating to bankruptcy, giving each item of property and its valuation, and, if any portion of it is real estate, its location, description, and present use."

The bankrupt must be held to have intended the natural and necessary consequence of his own acts. He is not warranted in relying upon the advice of counsel with reference to plain, palpable, and transparent facts. It was not within the province of the bankrupt and his counsel to say that the amount involved was small, and that therefore it would be properly disregarded. In re Breitling, 133 Fed. 146, 66 C. C. A. 212.

The requirements of the statute are clear and specific, and cannot be disregarded. We think that the decree of the lower court should be affirmed; and it is so ordered.