**In re MERRITT.**

**MERRITT v. PETERS.**

Circuit Court of Appeals, Ninth Circuit.
October 22, 1928.

No. 5493.

Nicholas W. Hacker, of Pasadena, Cal., for appellant.

W. T. Craig, of Los Angeles, Cal. (Thomas S. Tobin, of Los Angeles, Cal., of counsel), for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant appeals from an order of the court below denying his petition for discharge in bankruptcy. To the petition creditors objected that the appellant had fraudulently concealed from the trustee in bankruptcy two automobiles which he had purchased on installment contracts at the price of $3,200 and on which he had paid $1,600; that he fraudulently made the false statement in his schedules that he had no "carriages or other vehicles"; and that on an examination before the referee he had answered, "No," to the question, "Have you any automobiles?" The issue was referred to a special master, who found that the appellant's interest in the automobiles was of no value and recommended that the discharge be granted. On objection to the master's report the court below found that the bankrupt had willfully withheld from his schedule the facts concerning his equities in the automobiles and on examination before the referee had withheld the facts as to his possession and right of possession of the automobiles, and that the findings of the special master were not sustained by the evidence. Judgment was entered denying the discharge.

The burden of proof was upon the objector to sustain the objections to the discharge. But the findings of a referee or special master on such an application are advisory only. Koch v. Sidney Blumenthal & Co. (C. C. A.) 3 F.(2d) 395; Levy v. Industrial Finance Corporation (C. C. A.) 16 F.(2d) 769. And the question of the right to a discharge is addressed to the sound discretion of the District Court, with the exercise of which, except in case of gross abuse, an appellate court will not interfere. Woods v. Little (C. C. A.) 134 F. 229, 232; In re Lord (D. C.) 22 F.(2d) 301; Seigel v. Cartel (C. C. A.) 164 F. 691; In re Leslie (D. C.) 119 F. 406; Osborne v. Perkins (C. C. A.) 112 F. 127; Poff v. Adams (C. C. A.) 226 F. 187.

We think that the evidence presented

in the record does not justify a reversal of the judgment of the court below. On April 1, 1927, on his own petition filed that day, the appellant was adjudged a bankrupt. Some six months prior to that date he had purchased two automobiles on which he had paid $2,100. Shortly after he filed his petition in bankruptcy, he borrowed $500 with which to pay further installments. He had not the legal title to the automobiles, but he had the possession thereof and the registered title under the California Motor Vehicle Act (St. 1923, p. 517, as amended). His equities to the extent of the paid installments passed to the trustee in bankruptcy, and the latter had the right to realize thereon for the benefit of creditors. The appellant in his schedules omitted mention of the automobiles and stated that he had no carriages or other vehicles. Thereafter on examination before the referee he testified that he had no automobile. On June 15, 1927, he filed a petition for leave to amend his schedules, but it was an amendment to include the name of a secured creditor which held, as he stated, two secured claims, one secured on a Packard car for $1,561.68 and one on a Nash roadster for $1,601.49, and that said creditor had inadvertently been omitted. There was nothing in the amendment, as it was expressed, to direct attention to the existence, extent, or nature of the appellant's equities in the automobiles. He makes defense of his omission to state in his schedules his interest in that property on the ground that he acted upon the advice of counsel who told him that he had no equity in the automobiles and that they did not belong to him. He failed, however, to testify, and it was not shown that he disclosed to his counsel all the facts in the case. On the contrary, his testimony was: "I do not remember what I said to him." To excuse his omission of property from his schedules on the advice of an attorney, it must be shown that he fully and fairly stated the facts and acted upon his counsel's opinion in matter of law only. Remmers v. Merchants'-Laclede Nat. Bank (C. C. A.) 173 F. 484; Sinclair v. Butt (C. C. A.) 284 F. 568. He was not justified in relying on the advice of counsel with reference to "plain, palpable and transparent facts." In re Breitling (C. C. A.) 133 F. 146. The law presumes that an omission of property which should have been on the schedules is, in the absence of a showing to the contrary, intentional and fraudulent. Farmers' Sav. Bank v. Anton (C. C. A.) 1 F.(2d) 103.

Objections to a discharge need not be proved beyond reasonable doubt. A fair preponderance as in civil trials is sufficient. In re Garrity (C. C. A.) 247 F. 310. Said Judge Coxe, in Re Becker (D. C.) 106 F. 54: "A discharge is intended to relieve misfortune, but it must be misfortune coupled with absolute honesty. It is the reward which the law grants to the bankrupt who brings his entire property into court and lays it, without reservation, at the feet of his creditors."

The judgment is affirmed.