## In re SILVERSTEIN.

## MOORE v. SILVERSTEIN.

Circuit Court of Appeals, Ninth Circuit.
November 4, 1929.

No. 5901.

498

W. T. Craig and Thomas S. Tobin, both of Los Angeles, Cal., for appellant.

Potter & Getz, of Los Angeles, Cal., for appellee.

Before DIETRICH and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. ▪ This is an appeal by the trustee from an order of discharge of the bankrupt. The matter of the application for discharge, and the objections thereto, were referred to a special master for hearing and report. He thereafter reported his findings of fact and conclusions of law to the court. Thereafter exceptions to the master's report were filed by the trustee in bankruptcy and the matter was heard before the judge, who granted the discharge. The bankrupt was engaged in retail merchandising, and on the 1st of January, 1928, had net assets of about $5,000; thereafter he purchased $26,000 worth of merchandise from wholesalers on credit, and on the 13th day of March made an assignment for the benefit of creditors, and on May 12th filed a voluntary petition in bankruptcy. Until about the 1st of February he had employed a competent bookkeeper who had kept a double entry system of books, but during February he discharged the bookkeeper and thereafter kept a system of single entry books in which he made all the entries himself. He opened this set of single entry books as of the 1st of January, copying entries therein from the double entry system books from January 1st up to the time that system was abandoned. Thus, for a short period the books overlapped. In making the entry of sales during this period of overlap in the single entry system, in a number of instances such entries showed sales in excess of those shown by, and for the same dates in, the double entry books, in several instances exactly $100 per day. The bankrupt destroyed his canceled checks and the bank statements returned therewith. It is contended that, because he had thus destroyed his vouchers, he should be refused a discharge under section 14b (2), of the Bankruptcy Act as amended by Act May 27, 1926, § 6, 44 Stat. 663, 11 USCA § 32(b)(2), but the expert who examined the books for the creditors testified that the books showed all payments made by checks. The bankrupt testified that it had been his invariable custom during his entire business experience to destroy his canceled checks after they were checked up with his books, and he merely continued this practice after opening his single set of books. Under this evidence the question of his discharge was one of fact to be determined by the District Court.

It is claimed by appellant that there was such an extraordinary and unexplained loss of the bankrupts as to prevent a discharge under section 14b(6), Bankruptcy Act, as amended by Act May 27, 1926, § 6, 11 USCA § 32(b)(6). On the 1st of January the bankrupt's books showed net assets of $5,012.80, and on March 12th, when an inventory of his stock and assets was taken, the inventory showed a deficit of $3,157.66, thus showing a loss of $8,188.46 during that short period.

Appellant's exceptions to the findings of fact and conclusions of law reported by the special master were heard before the District Judge and the assignments and specifications of error on appeal raise the question of the sufficiency of the evidence to support the order of discharge made by the District Court. The question before us is whether or not the court grossly abused its discretion in granting the discharge. As was stated by this court in Re Merritt:

"* * * The question of the right to a discharge is addressed to the sound discretion of the District Court, with the exercise of which, except in case of gross abuse, an appellate court will not interfere." In re Merritt (Merritt v. Peters) 28 F.(2d) 679, and the following cases there cited: Woods v. Little (C. C. A.) 134 F. 229, 232; In re Lord (D. C.) 22 F.(2d) 301; Seigel v. Cartel (C. C. A.) 164 F. 691; In re Leslie (D. C.) 119 F. 406; Osborne v. Perkins (C. C. A.) 112 F. 127; Poff v. Adams, Payne & Gleaves (C. C. A.) 226 F. 187.

▪▪ The appellant points out that after the trial before the special master, while rendering an oral opinion on the law and the facts, the special master stated that he had always been of the opinion that the objections to the discharge must be proved beyond a reasonable doubt, but he had previously in

his opinion stated that he had no doubt as to the facts in the case. While the rule thus stated by the referee as to the measure of proof was erroneous (In re Merritt, supra; In re Garrity [C. C. A.] 247 F. 310), even if he had acted upon that rule, which he apparently did not, the fact that he gave an erroneous reason for his conclusion would not change the rule that this court can only reverse an order of discharge for a gross abuse of discretion.

Moreover, the order appealed from here is not that of a referee or special master, but was that made by the District Court after considering the exceptions of the trustee to the findings of fact and conclusions of the special master. These findings and conclusions are advisory only. In re Merritt, supra. There is no contention that the District Judge acted upon an erroneous rule of law in granting the discharge.

It is sufficient for the purpose of this appeal to point out that these questions raised here are questions of fact addressed to the sound discretion of the District Court, and that, although suspicious circumstances were thus shown, it was for that court to determine from all the evidence before it whether or not the bankrupt was entitled to a discharge.

Although we have thus sufficiently disposed of the points raised by appellant, we would also call attention to the fact that the statement on appeal settled by the trial judge and contained in the record not only does not affirmatively show that it contains all the evidence, which failure alone would require an affirmance of the order (Sheffield, etc., Ry. Co. v. Gordon, 151 U. S. 285, 14 S. Ct. 343, 38 L. Ed. 164), but also it affirmatively shows that there was a mass of evidence before the special master which is not contained in the statement on appeal. The single entry books, the double entry books, and the inventories above referred to were before the referee, and they are not included in the statement on appeal, nor does the statement on appeal contain their substance and effect as involved in the issue of fact on trial. It is clear from the evidence in the statement on appeal that these books showed the volume of business done by the bankrupt, the amount of his purchases and his sales during the period he was engaged in business, and this evidence which was before the master would show whether or not the purchase of $26,000 worth of goods in the short period above referred to was unusual. Appellant claims that these purchases were extraordinary in amount, but that question can only be determined by comparing the period in question with the previous business transactions of the bankrupt, which are not before us. The statement on appeal shows the total value of the bankrupt's assets, but there is no showing in the record as to the basis of evaluation of the merchandise. Moreover, the statement on appeal settled by the judge and appearing in the record purports to be a statement of the testimony and proceedings before the special master and does not purport to be evidence reported to the trial judge by the special master, or to have been used in the proceeding before the district judge at the time of the discharge. Sheffield, etc., Ry. Co. v. Gordon, 151 U. S. 285, 14 S. Ct. 343, 38 L. Ed. 164. See, also, McCourt v. Singers-Bigger, 145 F. 103, 112, 7 Ann. Cas. 287.

Order affirmed.