## In re GOLDMAN.

Circuit Court of Appeals, Second Circuit. January 6, 1930.

No. 128.

Herman G. Robbins, of Brooklyn, N. Y. (Edward G. Elkins, of Brooklyn, N. Y., on the brief), for appellant.

Charles Burston, of Brooklyn, N. Y., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge. The special master found that the bankrupt in an attempt to conceal the fact, knowingly testified falsely in his bankruptcy proceedings concerning property in which his father, who had died intestate about two years previously, had owned an interest at the time of his death. As one of three children who, with his mother, were the sole heirs, the bankrupt was entitled to share in any such property. The record amply supports the findings of the special master as to the falsity of the testimony, and with the fact of the bankrupt's attempted concealment the District Court did not disagree. It considered, however, that the false testimony was on an immaterial issue.

The substantial benefits that accrue to a bankrupt from his discharge are his of right only after he has complied with all the essential requirements of the Bankruptcy Act (11 USCA). His right to a discharge does not flow from the fact of adjudication alone, but from that coupled with such compliance. It is incumbent upon him to make a full and fair disclosure of all his property, rights, and credits, and to surrender all that is not exempt under the law. His creditors are entitled to everything legally available to them, and it is not for the bankrupt by concealment to make it impossible for such legal availability to be determined by the court. In re Breitling (C. C. A.) 133 F. 146; In re Conroy (D. C.) 134 F. 764.

As an heir of his father, this bankrupt was bound to disclose honestly and fully his knowledge of the extent of his father's estate, including what he had received, if anything, or might be entitled to receive, as his share therein. The subject-matter of the inquiry was material to the issue involving the amount of the bankrupt's estate, and the materiality of the false testimony was not dependent upon the extent, or even the fact, of its being harmful to the creditors. In re Slocum, Jr. (C. C. A.) 22 F.(2d) 282.

Judgment reversed.