In re PEREL.

No. 1272.

District Court, S. D. Texas, Houston Division.

April 9, 1931.

Jones, Roberts & Monteith, of Houston, Tex., for bankrupt.

HUTCHESON, Circuit Judge.

The bankrupt having applied for his discharge, the matter having been referred to the referee, the referee on the 18th of December, 1930, filed his report and recommended that the discharge be denied. At the request of counsel for the bankrupt, action upon the report of the referee was withheld to give bankrupt's counsel opportunity to further brief the case.

The bankrupt's counsel having later advised the court that the matter would be submitted upon the briefs already filed, the matter now comes up for disposition.

The referee, in a twenty-five page report, carefully, fully, and fairly considering, analyzing, and discussing each of the numerous specifications in opposition to the discharge, and the testimony in relation thereto, reached the conclusion that all of the specifications except 5(a), 5(b), 6, 9 (a) and 10 should be dismissed. These five he sustained, and upon this action his recommendation that the discharge be denied rests.

Specification No. 10 relates to the false testimony of the bankrupt given upon an examination of him with reference to whether or not he had on hand the sum of, to wit, $500 on the day upon which his petition in bankruptcy was filed or shortly thereafter.

The record clearly supports the finding of the referee that the bankrupt did testify falsely about this matter, but it is claimed on his behalf that, since the referee later found that though he did have the money it was not money belonging to the estate, the testimony, though false, was not about a fact material to the bankruptcy, and cannot be made the basis of a denial of the discharge.

I do not agree with the bankrupt's contention in this regard. The referee has fully set out the authorities which make it clear that this was a matter about which the bankrupt had testified fully and untruthfully, and that, whether or not the investigation developed anything of material benefit to the creditors, it was a material investigation, false testimony upon which disentitles the bankrupt to a discharge. Ulmer v. U. S. (C. C. A.) 219 F. 641; In re Conroy (D. C.) 134 F. 764; In re Slocum (C. C. A.) 22 F.(2d) 282; In re Goldman (C. C. A.) 37 F.(2d) 97.

The other matters upon which the referee finds against the bankrupt have to do with the bankrupt's failure to list in his schedules or deliver to the receiver or trustee, or to account for the sum of money in excess of $50 and less than $100 which he had on hand at

the time his schedules in bankruptcy were prepared.

The facts are admitted that he did have it; that he did not schedule it; that he had never paid it over to the trustee, nor, except upon examination and inquiry for the purpose of developing, did he disclose the facts. He admits this, but defends on the ground, as stated in the brief of his counsel, that he acted as he did under the advice of counsel, and therefore could not be guilty of fraudulent concealment.

As to that $90, the evidence on the first examination is as follows:

"In the morning I went up to Mr. Roberts' office, I had ninety and some odd dollars in my pocket. I believe I gave him $30 or $40 for the court and I got some gas and some more items. When I got through before I got to drinking I had close to $30 in my pocket. When I closed my business I had $90. I gave $30 to the court spent a few more dollars had some at home, bought a little liquor and gave my wife $25 or $30."

Nothing was then said about this having been done upon advice of counsel.

On the hearing for discharge, however, his counsel testified:

"I asked him if he had any money in cash on hand, and he said he had a little, but did not have anything to live on. He had to give his wife some money. He said he had about $90 but did not have anything to buy groceries with or any way to live, and I told him to give $30 for filing fees, and keep the balance, and if that constituted a false oath, it is my mistake and not his."

It is true enough that advice of counsel that certain property does not in fact belong to the bankrupt and need not therefore be scheduled with his property when given upon a full and fair statement of fact is a defense to a charge of fraudulent concealment. In re Merritt (C. C. A.) 28 F.(2d) 679. It is also true that advice of counsel on a "plain, palpable and transparent fact" (In re Breitling [C. C. A.] 133 F. 146) that is, as here, that property which he owns without dispute or question does not have to be scheduled, is not a defense (In re Merritt [C. C. A.] 28 F.(2d) 679; Sinclair v. Butt [C. C. A.] 284 F. 568).

It is true that the amount involved in this specification is small; nor is this a case like Grafton v. Meikleham (C. C. A.) 246 F. 737, where counsel and bankrupt colluded to conceal the small amount involved.

While the discharge of an honest bankrupt who has fully and fairly complied with all of the requirements of the statute is one of the prime objects of bankruptcy, the right to discharge does not flow from the fact of adjudication alone, but from that fact coupled with compliance with all of the essential requirements of the Bankruptcy Act (11 USCA). In re Goldman (C. C. A.) 37 F.(2d) 97. One of these prime requisites is that it shall appear that the bankrupt has made an honest and faithful effort to comply, and where the question of discharge vel non turns upon whether testimony has been fraudulently given or concealment or failure to disclose have been willful and fraudulent, the question of the intent with which the statements were made or the acts were done is of the essence of the inquiry. In such case, the demeanor of the bankrupt in the course of the examination, the manner in which he testifies, as much as the things which he says, are the important criteria. In such case, the referee, as special master, hearing the bankrupt's testimony in the various examinations, is in a better position to determine the question of falsity than is the district judge from the printed record. In re Slocum (C. C. A.) 22 F.(2d) 282, 284.

In view of this undoubted advantage which the master had in determining the question of motive and intent of the bankrupt, which is the material one here, and in view of the careful and painstaking way in which the report of the master has been prepared, for this court, because of the smallness of the amounts involved, to refuse to follow the master's finding, where there is no dispute about the facts, and the only question is as to intent, would result in putting a premium on plainly proven though small violations of the Bankruptcy Law, which the statute declares deprives the bankrupt of his discharge.

The findings of the referee are therefore adopted, and his recommendation approved. The bankrupt's discharge will be denied.