## In re RUNNYMEDE FINANCE CO., Inc.

### WALLACE v. LAUGHARN.

#### No. 6991.

Circuit Court of Appeals, Ninth Circuit.
April 3, 1933.

Rehearing Denied May 3, 1933.

Norman T. Mason, of Los Angeles, Cal., for appellant.

Kyle Z. Grainger, Samuel S. Geldberg, and George W. Rochester, all of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

The appellant filed a claim with the referee for $12,012.50, who allowed it for $2,362 only. Claimant petitioned for a review of the referee's order rejecting the claim to the extent of $9,650.50, and the order was affirmed. Appellant takes this appeal from the order of the District Court.

Appellant had released his claim for $9,650.50 on June 6, 1930, under circumstances hereinafter stated. He contends that the Runnymede Finance Corporation, among other things, represented to him, in order to secure his release of said claim, that one P. M. Young would support the Runnymede Finance Company in keeping alive its permit from the State Corporation Commissioner allowing the sale of its stock, and that on June 7 he canceled the release "because of the failure of P. M. Young to keep his promise," although, as the findings state, Young knew nothing of the promise. It is clear that in order for the appellant to sustain his contention, assuming, without deciding, that there is any legal basis for such contention, it was at least essential for him to show that Young had not kept the agreement which was made on his behalf and without his knowledge by the president of the Runnymede Finance Company. Whether or not there was any evidence adduced before the referee or court in that regard must appear from the findings of the referee or a summary of the evidence before him, or the statement on appeal.

It appears from the findings of fact and conclusions of law of the referee that the sum of $9,650.50 was due the appellant on June 6, 1930, on account of salary as general sales manager of the Runnymede Finance Company; that on that date claimant executed and delivered a release of this obligation in consideration of an agreement on the part of P. M. Young and G. G. Steere to deposit $24,000 to the credit of the Runnymede Finance Corporation to meet its overdraft of that amount, and also other considerations thereinafter mentioned; that in accordance with the agreement Young deposited $18,000 and Steere $6,000; that subsequently, on the faith of appellant's release of his indebtedness, the Runnymede Finance Corporation obtained a secured loan for $100,000, guaranteed by P. M. Young, and that Young, in guaranteeing said loan, relied upon the release theretofore executed by the claimant; that from said money so procured Young's loan of $18,000 advanced to the bank on account of the overdraft was repaid, but that G. G. Steere has not been repaid the sum of $6,000 advanced by him; that both Young and Steere were creditors of the finance corporation at all times subsequent to the execution and delivery of said release; that:

"5. That the said President of the Runnymede Finance Company in obtaining said release from claimant stated to him that the said Young had interviewed the California State Corporation Department and had ob-

tained, on May 24, 1930, a renewal of the Runnymede Finance Company's Permit (cancelled on the preceding day), to sell its capital stock on condition that the said Young, with his brother, W. M. Young, and Irwin C. Franklin would act as an advisory committee of the Runnymede Finance Company and that the company would appoint them as such committee, a condition which was accepted by said Young and by formal action of the board of directors of the Runnymede Finance Company, and stated further to said claimant that said Young would continue his support in keeping said permit alive as well as in a financial way to the company, and stated further that said Young would meet the said overdraft. That thereupon claimant executed said release as aforesaid and delivered it to the said president of said Runnymede Finance Company as aforesaid. That neither said Young nor said Steere were informed or knew of such conversation.

"6. That on the morning of the 7th day of June, 1930, and after said Young and said Steere had advanced said money as aforesaid to meet said overdraft, claimant wrote· a letter addressed to the board of directors of said company purporting to cancel the said release theretofore executed by him. That the contents·of said letter were not made known to either said Young or said Steere at any time. * * *"

"8. That claimant herein should be and is estopped from asserting a cancellation of said release."

Appellant states the questions involved upon this appeal as follows:

"1. Is a trustee in bankruptcy vested with the right to set up in favor of the bankrupt estate, or all of its creditors, an estoppel existing in favor of one creditor only?

"2. Does an estoppel exist in this case in favor even of one creditor; i. e., is there either finding or evidence that any creditor relied to his detriment on the act on which the alleged estoppel is based?"

The referee's certificate on review did not contain a summary of the evidence taken before him upon the hearing as required by section 39 of the Bankruptcy Act (11 USCA §·67), and General Order in Bankruptcy No. 27 (11 USCA § 53); consequently, the findings of the referee were conclusive upon the trial court unless they appear to be wrong on their face. In re Navison Shoe Co. (D. C.) 33 F.(2d) 1007; Remington on Bankruptcy, § 3366, vol. 8, p. 35, note.55; In re

Petersen (D. C.) 252 F. 846, 848; In re Murphy (C. C. A. 9) 229 F. 988; In re Silverstein (C. C. A.) 35 F.(2d) 497. Neither is there a statement on appeal from the order of the District Court affirming the order of the referee. Such a statement is essential to consideration of the action of the trial court, for without it this court has no means of knowing what occurred in the District Court. As we held in In re Silverstein, supra, the order must be affirmed, unless the record shows that it contains all the evidence adduced before the trial judge.

It appears from the appellant's brief that he relies upon the finding or conclusion of the referee as to estoppel (No. 8, supra) as involving an inferential finding that the release was procured by fraud, or that there was a partial failure of consideration therefor justifying the attempted rescission by him on June 7 as between himself and the company. His position is thus stated in his brief:

"Respondent in his argument in the lower court insisted 'There is nothing in the findings or in the evidence which would show that any fraud was practiced on claimant in securing the release by the corporation.' That's the very trouble; such a finding was made unnecessary and immaterial because of the finding of an estoppel. Had the referee or the court found that there was no fraud (or failure of consideration) that would have been a good reason for the decision against appellant, and would have made the finding of estoppel unnecessary. On the other hand, the finding of estoppel made a finding as to fraud and failure of consideration unnecessary.

"The very fact that estoppel was found is an admission either that there were facts which would result in a different decision, or that it was unnecessary to consider those facts; in either event appellant was deprived of a substantial right."

This position is not tenable. The conclusion of the referee that there was an estoppel is a conclusion of law and not a finding of fact. The findings of fact by the referee established that the release was signed for a valuable consideration. The release itself creates an estoppel in favor of the bankrupt and its creditors. The theory of the appellant is that he can overcome the estoppel resulting from release by evidence that the release was procured by fraud or that the consideration therefor has failed, unless he is estopped from so doing by reason of the ignorance of the creditors Young and Steere

of such failure of consideration, and that the finding of the court that he is estopped from so doing is in effect a finding that but for the estoppel the release should be canceled for such fraud or failure of consideration. There is no basis in the record for this contention. There is no finding of fraud or failure of consideration in whole or in part, and, in the absence of a certificate of the referee containing a summary of all the evidence before him, there is no basis for such a finding by the trial court or by this court. We have not overlooked the recitals in appellant's letter of June 7 (dated June 6), nor the recitals in the minutes of the meeting of the board of directors of June 13, 1930, nor the orders of the Corporation Commissioner certified by the referee to the trial court with his certificate on review. In the absence of a summary of all the evidence these matters cannot be considered; moreover, the referee's certificate states that the copy of the minutes of the meeting of the board of directors of June 13, 1930, was received "for identification only," and it is solely upon the recitals in these minutes and the orders of the Corporation Commissioner that appellant relies to prove that Young did not keep the agreement made on his behalf.

Order affirmed.