## ASHTON v. SENTNEY.

### In re SENTNEY.

### No. 10792.

Circuit Court of Appeals, Ninth Circuit.

Dec. 5, 1944.

Earl E. Moss and Louis Lombardi, both of Los Angeles, Cal., for appellant.

Rupert B. Turnbull and Martin Goldman, both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

720

DENMAN, Circuit Judge.

The trustee in bankruptcy of the Estate of Charles Ralph Sentney appeals from an order of the District Court affirming two orders of the referee, one denying the trustee's petition to vacate appellee Sentney's discharge in bankruptcy; the other denying the petition of the trustee for an order requiring appellee and the First National Bank of Santa Ana, California, trustee of a trust of which appellee was beneficiary, to turn over to the trustee in bankruptcy certain property held in trust for appellee.

It is not questioned here and was not before the referee below that the trust, which was to pay over certain moneys to the appellee on the predecease of other beneficiaries and on the death of the donor, was a spendthrift trust. Under its terms the appellee had no power to transfer his contingent future interest in the trust property to anyone. There was no assignment by appellee of his trust interest in the nature of a promise to turn it over to another as in Kelly v. Kelly, 11 Cal.2d 356, 79 P. 2d 1059, 119 A.L.R. 71. It also appears that the donor was living for more than six months after appellee's adjudication in bankruptcy, Cf. 11 U.S.C.A. § 110, sub. a though the donor died and the trust property was vested in the appellee before the motions to vacate the discharges in bankruptcy and to deliver the property to the trustee in bankruptcy.

On the argument here it was admitted that neither the trustee in bankruptcy nor the creditors have any interest in the property. Hence the order of the District Court confirming the order of the referee refusing to order the delivery of the property to the trustee in bankruptcy is affirmed.

The remaining question is whether the discharge in bankruptcy should be set aside. It is conceded by appellee that he did not list his trust interest in his schedule of assets. Schedule B-4 provides for the listing of "Property in reversion, remainder or expectancy, including property held in trust for the Debtor or subject to any power or right to dispose of or to charge."

We agree with the holding of the referee and the court below that appellee was required to list his trust interest. While it was not transferable at the moment of adjudication, within six months therefrom the deaths well could have occurred which would vest the property in the trustee in bankruptcy (cf. In re Breitling, 7 Cir., 133 F. 146), a contingency of which the Act contemplates the trustee and creditors should be advised.

On the questions whether the appellee had failed so to list his trust interest in bad faith or as a purposeful concealment of assets, or that appellee had made a false oath as to his assets, there was a hearing before the referee, evidence given, and a finding by the referee that there was no such bad faith, concealment or false oath. Upon this finding the referee ordered dismissed the petition for the order to revoke appellee's discharge in bankruptcy.

At the hearing the appellee appeared and testified that he acted on the advice of his attorney in not including his trust interest in his schedules. His attorney testified to the same effect. The demeanor of the witnesses and their sincerity and candor is a matter for the trial tribunal. The trust instrument was, for a layman, long and complicated. We cannot hold that the finding of the referee is clearly erroneous. Rule 52 (a), F.R.C.P., 28 U.S.C.A. following section 723c. Appellee could have sincerely relied upon the advice of counsel as to the character of his trust interest and his duty to include it in his schedules. Cf. In re Merritt, 9 Cir., 28 F.2d 679, 680. The question confronting appellee was not so obviously one of "plain palpable and transparent fact" as in the cases of In re Perel, D.C., 51 F.2d 506, 507 and Sinclair v. Butt, 8 Cir., 284 F. 568, 570, cited by appellant.

The order of the District Court is affirmed.