Robert F. STEPHENS, individually and doing business as Stephens Poultry Sales, Appellant,

v.

Archie STINSON, Appellee.

Florence STEPHENS, individually and doing business as Stephens Poultry Sales, Appellant,

v.

Archie STINSON, Appellee.

Nos. 17125, 17126.

United States Court of Appeals Ninth Circuit.

July 18, 1961.

Shapro, Anixter & Aronson, by Arthur P. Shapro, Burlingame, Cal., for appellant.

Byers & Jacobs, Gilroy, Cal., for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

The order confirming the referee's certificate and report is reversed. Merritt v. Peters, 9 Cir., 28 F.2d 679, we deem to be still the law of the circuit. Of course, it is usually a question of fact whether clients implicitly relied on advice of counsel. Further, reliance must be reasonable. For example, if counsel advises a bankrupt that it would be all right to not list fifteen thousand dollars and keep it under the mattress, it would not be a reasonable reliance. And, clearly, here the burden of proof shifted to the bankrupts. The referee's certificate, portions of which we take as findings of fact, does find certain statements made in the original schedules of the bankrupts as false. But the findings should go further.

A referee (the original one is deceased) should rehear the matter and not discourage testimony from the attorney who advised the bankrupts. At the original hearing the referee suggested the lawyer who was the midwife on the bankruptcies should not testify.

If a response to the objections to discharge was filed, it is not in the record here. However, a hearing was had as if the objections were traversed. It is suggested that there ought to be such a reply.

We sustain findings where not clearly erroneous, but here the findings stop short.

A thorough note on "Reliance on advice of counsel" appears in 70 Yale Law Journal 978, 992 (May, 1961).

Reversed for proceedings consistent herewith. Each party will bear his own costs in this court.