## In re STODDART.

(District Court, D. Washington, N. D.    February 17, 1902.)

### No. 1,940.

BANKRUPTCY—DISCHARGE—CONCEALMENT OF ASSETS.

The intentional omission by a bankrupt to schedule or bring to the attention of his trustee his interest in real estate of the value of $10,000, which a short time ·prior to his bankruptcy he conveyed in trust, the income to be paid to another during life, and the property then to be held for his own benefit, constitutes ground for refusing him a discharge, and he is not relieved from the consequences of such concealment· by the fact that he was advised by his attorney that his deed devested him of all interest in the property.

In Bankruptcy. On motion of bankrupt to vacate and set aside the findings and conclusions of the referee on his application for discharge.

The following are the referee's findings of fact and conclusions of law:

This matter having been heretofore heard and taken under advisement by the referee upon the objections of W. Rigby, a creditor, to the discharge of said bankrupt, and said referee, being sufficiently advised in the premises, finds facts as follows: That on the 20th day of January, 1900, the said bankrupt made a deed to John T. Harmes, of San Francisco, California, for certain real estate situated in the city of San Francisco, California, described as follows: "Commencing at the point of intersection of the southerly line of Geary street with the easterly line of Gough street; thence easterly along the southerly line of Geary street thirty (30) feet; thence at right angles southerly one hundred and thirty-seven (137) feet and six (6) inches; thence at right angles westerly thirty (30) feet to the easterly line of Gough street; thence at right angles northerly one hundred and thirty-seven (137) feet and six (6) inches to the southerly line of Geary street and point of beginning." That by the terms of said deed the fee-simple title to said property was conveyed to said Harmes upon certain trust conditions, which, in substance, gave to one Emma A. Stoddart the issues and profits of said property during her lifetime, and upon her death the property would be held for the· benefit of the grantor in said deed, the said bankrupt, Archibald C. Stoddart. That said property was at the time of the filing of the petition in bankruptcy herein of the value of at least $10,000. That no reference whatever was

made to this property in the petition or schedules filed by said bankrupt, and no mention made thereof by the bankrupt on his examination, until a specific inquiry by the attorney for the trustee showed that he had knowledge in regard to the matter, when, in answer to such question, bankrupt admitted that he knew of this property, but did not proceed voluntarily to fully explain his relations thereto until a certified copy of the deed above referred to was presented to him, which copy was admitted in evidence, and marked "Trustee's Exhibit A." That no satisfactory reason was given at said examination of the bankrupt or upon the hearing of the objections to his discharge for his failure to include this property, or his interest therein, in his schedules, and in view of that fact the referee finds that its omission from such schedules was intentional for the purpose of preventing his interest in said property being reached by his creditors. The referee therefore finds as a fact that specification 1 of the objecting creditor has been proven, and as a conclusion of law from the facts so found the referee finds that the bankrupt is not entitled to his discharge. The referee transmits herewith trustee's Exhibits A and B, offered on the examination of bankrupt, and the objecting creditor's Exhibit 1 and the bankrupt's Exhibit A, put in evidence upon the hearing of the objections, together with the evidence reduced to the form of a deposition of the bankrupt given upon his examination at the first meeting of creditors, for the information of the court.

G. Ward Kemp, for creditor.

Fred H. Peterson, for bankrupt.

HANFORD, District Judge. I consider that the referee has made a correct decision as to the facts and law with respect to the neglect of the bankrupt to return a true schedule of his property, and the effect of that neglect upon his right to a discharge from obligation to his creditors. During the pendency of these proceedings the bankrupt has filed an affidavit in which he claims that the omission was unintentional, being made under advice of counsel to the effect that the conveyance of his San Francisco property which he made to a trustee, completely devested him of all his interest in the property. If he acted upon such advice, it does not free him from the legal consequences of making an untrue representation to the court with respect to his property. To further show his good faith, the bankrupt also deposited in court a quitclaim deed to the property referred to to the trustee for the benefit of his creditors. It will be for the trustee and the creditors to decide whether they will accept this deed. Under the circumstances shown by the evidence, I consider that it will be proper for the trustee to commence legal proceedings in the state of California to have the trust deed set aside, provided the creditors furnish sufficient money to meet expenses of such litigation.