In re Bliss VAN DEN HEUVEL and Janet Van Den Heuvel, Debtors.

In re BLISS VAN DEN HEUVEL ANTIQUES, INC., Debtor.

Jeanette E. TAVORMINA, Trustee

v.

Bliss VAN DEN HEUVEL and Janet Van Den Heuvel, Defendants.

Bankruptcy Nos. 89–14111–BKC–SMW, 90–10639–BKC–SMW.

Adv. No. 90–0545–SMW–A.

United States Bankruptcy Court, S.D. Florida.

April 16, 1991.

Arthur Weitzner, Miami, Fla., for plaintiff.

Eddie L. Fields, Miami, Fla., for defendants.

SIDNEY M. WEAVER, Chief Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS CAUSE having come before the Court upon the complaint of Jeanette E. Tavormina (the "trustee") against Bliss Van Den Heuvel and Janet Van Den Heuvel (the "debtors"), pursuant to 11 U.S.C. § 727(a)(4), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

On August 14, 1989, the debtors, Bliss Van Den Heuvel and Janet Van Den Heuvel, filed their joint petition under Chapter 11 of the Bankruptcy Code. Fourteen days thereafter, the debtors filed the schedules to their petition wherein the debtors failed to list a property damage claim resulting from an automobile accident. On that same day, the debtors settled the property damage claim without the authority of this Court for the amount of $18,826.48. The settlement funds were not negotiated through the debtor-in-possession account. Rather, the debtors cashed the check and deposited a net amount in their debtor-in-possession account. The debtors have failed to account for $826.48 of the settlement monies which were negotiated but not deposited in the debtor-in-possession account.

Additionally, during the period of time when the debtors were operating as debtors-in-possession under 11 U.S.C. § 1107, the debtors conducted various transactions on a cash basis. These transactions were incidental to the operation of the antique store operated under the name of Bliss Van Den Heuvel Antiques, Inc., a wholly owned corporation of the debtors. The debtors also collected rent from the rental of commercial real property owned by them. The debtors failed to deposit the rents collected by them into the debtor-in-possession account and failed to make adequate protection payments to the mortgagee on the property. Eventually, the mortgagee obtained relief from the automatic stay and foreclosed on the mortgage.

During the pendency of the Chapter 11 proceeding, the Court appointed an examiner pursuant to 11 U.S.C. § 1104 to investigate the transactions of the debtors. The examiner's report, introduced into evidence by the trustee, confirmed that the debtors had transacted business on a cash basis and had not deposited all monies collected from the sale of antiques into the debtor-in-possession account. The examiner also reported that the debtors had transferred monies from the debtor-in-possession account into the account of Bliss Van Den Heuvel Antiques, Inc. The examiner noted that the debtors could not separate their personal activities from those of the corporation and that cause existed to convert the debtors' case to a Chapter 7 proceeding. Therefore, the examiner recommended that the Court schedule a hearing to consider conversion of the debtors' case to Chapter 7 or, alternatively, to consider the appointment of a trustee. The examiner also recommended that the Court compel the debtors to file a bankruptcy petition on behalf of their wholly owned corporation. The debtors then filed a Chapter 11 petition on behalf of Bliss Van Den Heuvel Antiques, Inc. Subsequently, on June 7, 1990, both cases were converted to Chapter 7 and the trustee was appointed.

The trustee instituted this action seeking to deny the debtors their discharge pursuant to 11 U.S.C. § 727(a)(4) alleging that the debtors made false oaths and accounts or used false claims in connection with their Chapter 11 case. Under § 727(a)(4), the Court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial....

11 U.S.C. § 727(a)(4). A debtor may be denied a discharge for his post-filing conduct either in connection with a Chapter 11 case or following conversion of the case to Chapter 7. 11 U.S.C. § 1141(d)(3)(C); *In re Langholf,* 37 B.R. 414 (Bankr.N.D.Ill.1984).

 The party objecting to the discharge of the debtor has the burden of proving the objection. Bankruptcy Rule 4005; *In re Bernstein,* 78 B.R. 619 (Bankr. S.D.Fla.1987). Objections to the discharge of the debtor have been traditionally recognized to be remedial and are to be liberally construed in favor of the debtor and strictly construed against the objecting party. *In re Cutignola,* 87 B.R. 702 (Bankr.M.D. Fla.1988); *In re Muscatell,* 113 B.R. 72 (Bankr.M.D.Fla.1990). In order to sustain an objection to discharge under § 727(a)(4)(A), the following elements must be proven by the objecting party:

1. the debtor made a statement under oath;

2. such statement was false;

3. the debtor knew the statement was false;

4. the debtor made the statement with fraudulent intent; and,

5. the statement related materially to the bankruptcy case.

*In re Arcuri,* 116 B.R. 873, 880 (Bankr.S.D. N.Y.1990). The purpose of § 727(a)(4)(A) is to assure that adequate information is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the information provided is true. *In re Alfonso,* 94 B.R. 777, 778 (Bankr.S.D.Fla.1988); *In re Sofro,* 110 B.R. 989 (Bankr.S.D.Fla.1990). The objecting party must establish the actual intent of the debtor, however, actual intent may be inferred from the debtor's conduct or from the particular circumstances of the case. *In re Topping,* 84 B.R. 840 (Bankr. M.D.Fla.1988); *In re Ingersoll,* 106 B.R. 287 (Bankr.M.D.Fla.1989).

The debtors assert that their conduct during the pendency of their Chapter 11 case, although reckless, was neither fraudulent nor intentional. The debtors contend that they had retained special counsel with the authority of the Court to prosecute the property damage claim. The debtors bankruptcy counsel testified that special counsel was to investigate the claim, report as to the merits of the claim, and determine whether any other claims existed as a result of the automobile accident. The debtors' bankruptcy counsel testified that despite repeated demands, he did not receive further information from special counsel relative to the merits of the property damage claim or as to the availability of other claims as a result of the accident. Absent knowledge of any additional claims, the debtors' bankruptcy counsel testified that the debtors' schedules were accurate as of the date of filing.

Based on the recent United States Supreme Court decision of *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the trustee argues that the standard of proof required to sustain the objection to the debtors' discharge is the preponderance of the evidence, and that the trustee has met this burden. In *Grogan* the Court held that the standard of proof for the dischargeability exceptions under 11 U.S.C. § 523(a) is the ordinary preponderance of the evidence. *Grogan,* —— U.S. at ——, 111 S.Ct. at 661, 112 L.Ed.2d at 767. The Court noted, in *dicta,* that a review of the legislative history illustrates that Congress intended the preponderance standard to apply in proceedings objecting to the discharge of the debtor under 11 U.S.C. § 727(a)(4). Specifically, the Court stated:

"Most notably, Congress chose the preponderance standard to govern determinations under 11 U.S.C. § 727(a)(4), which denies a debtor the right to a discharge altogether if the debtor has committed a fraud on the bankruptcy court. See H.R.Rep. No. 95–595, p. 384 (1977) ('The fourth ground for denial of discharge is commission of a bankruptcy crime, though the standard of proof is preponderance of the evidence.'); S.Rep. No. 95–989, p. 98 (1978) (same)"

*Grogan,* —— U.S. at ——, 111 S.Ct. at 660, 112 L.Ed.2d at 766.

Prior to *Grogan,* there was a conflict among the courts as to the standard of proof to be applied in a dischargeability action under § 727(a)(4). *See In re Arcuri,* 116 B.R. at 878. Courts which have applied the higher clear and convincing standard have construed the legislative history quoted in *Grogan* to mean that, although § 727(a)(4) deals with objections to discharge based on the perpetration of bankruptcy crimes, Congress did not intend for the criminal standard of proof beyond a reasonable doubt to apply in dischargeability proceedings. In *In re Portner,* 109 B.R. 977 (Bankr.D.Col.1989), the court concluded, despite the legislative history, that objections to the discharge of the debtor under § 727(a)(4) must be established by way of clear and convincing evidence. The *Portner* court stated:

"[The] legislative history speaks not of setting a standard of proof, but instead, apprises us that a false oath case, although akin to perjury, need not be tested by the traditional criminal standard of proof beyond a reasonable doubt. Thus, we conclude the legislative history, like the advisory note to Rule 4005, leaves the decision about what burden to apply to the court."

*In re Portner,* 109 B.R. at 980. Based on the same reasoning, the court in *In re Arcuri,* 116 B.R. 873, 879, held that the appropriate standard of proof for a Code § 727(a)(4) objection to be clear and convincing evidence. *See also In re Bernstein,* 78 B.R. 619; *In re Cutignola,* 87 B.R. 702; *In re Ingersoll,* 106 B.R. 287 (the applicable standard of proof under § 727(a)(4) is clear and convincing.)

This Court finds, without deciding whether *Grogan* requires the Court to apply the preponderance of the evidence standard, that the elements necessary to sustain an objection to the discharge of the debtors under § 727(a)(4)(A) have been clearly and convincingly proven by the trustee. The evidence presented established that the debtors failed to list the property damage claim resulting from the automobile accident on the schedules to their Chapter 11 petition. The schedules to the petition were signed by the debtors under oath, attesting that the contents were true and accurate to the best of the debtors' knowledge. The debtors collected on the claim from the insurance company the sum of $18,628.48. The debtors cashed the check and later only deposited a net amount of $18,000.00 into the debtor-in-possession account. The debtors have not accounted for the $826.48 difference between the amount received from the settlement of the property damage claim and the amount actually deposited in the debtor-in-possession account.

Further, the debtors knew about the existence of the claim at the time they executed the schedules. The debtors executed the schedules on the same day that the claim was settled with the insurance company. Although the accident took place ten months before, the debtors had knowledge of the claim by virtue of the settlement. Therefore, the debtors' assertions that the claim was not disclosed due to a lack of knowledge or due to a lack of communication with special counsel are unacceptable to the Court.

The evidence is clear that the debtors had knowledge of a substantial claim and failed to disclose the claim in their bankruptcy schedules, that the debtors failed to deposit the full amount of the settlement funds in the debtor-in-possession account and have failed to account for the monies that were not deposited, and that the debtors commingled funds throughout the pendency of their Chapter 11 case as detailed in the report of the examiner. The

totality of the circumstances lead the Court to conclude that the debtors acted with fraudulent intent.

Additionally, the Court finds that the omission of the claim from the schedules was material to the bankruptcy case. The subject matter of a false oath is "material," and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence or disposition of his property. *In re Chalik*, 748 F.2d 616, 618 (11th Cir.1984). A debtor is compelled to make full disclosure in the schedules to the bankruptcy petition, even of seemingly worthless assets. *In re Muscatell*, 113 B.R. at 74. In this instance, the debtors failed to disclose the existence of an asset available to satisfy creditor claims in this proceeding. Therefore, the Court concludes that the debtors shall be denied their discharge by operation of 11 U.S.C. § 727(a)(4)(A).

The trustee also seeks to deny the discharge of the debtors pursuant to 11 U.S.C. § 727(a)(4)(B) asserting that the debtors filed false claims in these proceedings. The purpose of § 727(a)(4)(B) is to prevent fraud by the presentation of inflated or fictitious claims or use of such claims. *In re Overmyer*, 121 B.R. 272 (Bankr.S.D. N.Y.1990). The trustee did not submit any evidence indicating that the debtors had in fact filed false claims in these proceedings. Therefore, the Court finds that the trustee's objection to the discharge of the debtors under § 727(a)(4)(B) is overruled.

Based on the foregoing, the Court finds that the trustee's objection to the discharge of the debtors under 11 U.S.C. § 727(a)(4)(A) is sustained and that the trustee's objection to the discharge of the debtors under § 727(a)(4)(B) is overruled.

A separate Final Judgment of even date has been entered in conformity with the Findings of Fact and Conclusions of Law.