**In re Robyn Louise GREEN a/k/a Robyn Russo, Debtor.**

**Bankruptcy No. 92–00365–8P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 2, 1992.

David W. Steen, Tampa, Fla., for debtor.

Shirly C. Arcuri, Tampa, Fla., for Terry Russo.

Chris C. Larimore, Bradenton, Fla., Trustee.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is a Motion to Dismiss or Convert the Debtor's Chapter 13 case filed by Terry Russo, the Debtor's former husband. The Court has considered the Motion, together with the record and comments of counsel, and is satisfied that it is appropriate to enter an Order. A brief discussion of the relevant facts will help to put the matter under consideration into proper focus.

Robyn Louise Green (Debtor) and Terry Russo (Russo) were married from 1983 until 1991, during which time Russo claims that he and the Debtor borrowed over $43,-800.00 from his parents and were jointly responsible for paying back the same. On the schedules accompanying the Debtor's Petition for Relief under Chapter 13 of the Bankruptcy Code, the Debtor scheduled Louise and Vincent Russo as creditors with a claim in the amount of $11,967.00.

Terry Russo filed a Motion to Dismiss or Convert the Debtor's Chapter 13 case contending that the Debtor's Plan was not proposed in good faith and that the Debtor failed to properly disclose assets and liabilities on the Schedules and Statements filed with the Court.

As noted earlier, Terry Russo contends that while they were married, he and the Debtor jointly borrowed money from his parents on several occasions totalling over $43,800.00. These loans were for their business and home expenses. While there are no promissory notes to evidence these loans, Russo contends that the Debtor always said she would help to repay his parents. However, the Debtor failed to include all of these loans on her Schedules. Russo also contends that several items he or the Debtor purchased or received during their marriage were not included on the Debtor's Schedules. Specifically, Russo claims that the Debtor failed to include on her Schedules furniture purchased for

$3,500.00; a ring purchased for $2,775.00; an antique china cabinet purchased for $2,500.00; and six Lladro figurines. Based on the Debtor's alleged failure to disclose all of her assets and liabilities on her Schedules, Russo seeks an Order Dismissing the Debtor's Chapter 13 case.

The Debtor did, in fact, fail to disclose several material items on her original Schedules. The Debtor admits to ownership of a one-half interest in an account valued at approximately $75,800, which account is currently held in escrow. She failed to include this account on her original Schedules because she did not realize it should have been included. In January, 1992, the Debtor sold a 1987 Dodge Caravan; but she failed to list the transfer of this property on her Schedules and provided no explanation for this failure. The Debtor did not list on her Schedules some of the jewelry she received during her marriage because it was stolen and not replaced. Likewise, some of the Debtor's Lladro figurines were stolen and therefore were not included on her Schedules. Finally, it should be noted that the Debtor drives a 1992 Honda Accord for which she made only a few payments. The Debtor testified that the car has been paid for completely by her uncle, and while the title to the car remains in his name, the Debtor has full use and control of the car. Notwithstanding the fact that the Debtor has complete dominion and control over the car, she failed to include the car on her Schedules.

Section 1307(c) of the Bankruptcy Code provides in pertinent part that the Court may dismiss a Chapter 13 case for cause including "on the request of the United States trustee, failure of the Debtor to file ... the information required by Paragraph 1 of § 521; ...." 11 U.S.C. 1307(c)(9). Section 521(1) of the Bankruptcy Code, in turn, outlines some of the most important duties of a debtor and provides that the debtor shall "file a list of creditors, and unless the Court orders otherwise a schedule of assets and liabilities, a schedule of current income and current expenditures and a statement of the debtor's financial affairs; ...." Scheduling of property is an important duty of the debtor, and the intentional and fraudulent omission of property from schedules can amount to an offense punishable under the Criminal Code under 28 U.S.C. § 521, and in a Chapter 7 case can serve as grounds for denial of a discharge or grounds for revocation of a discharge under § 727 of the Bankruptcy Code.

This Court recognizes that § 1307(c)(9) provides that the Court may dismiss a case upon the Motion of the U.S. Trustee for the Debtor's failure to comply with § 521. However, the bases for dismissal of a Chapter 13 case outlined in § 1307 are not exhaustive, and this Court is satisfied that a Chapter 13 case may be dismissed for the Debtor's failure to comply with § 521(1) upon either the Motion of a creditor or the Court's own Motion.

Failure to comply with § 521(1) of the Code can preclude confirmation of a Chapter 13 Plan under the good faith standard of § 1325(a), (c) of the Bankruptcy Code. In the case of *In re Lindsay*, 122 B.R. 157 (Bankr.N.D.Fla.1991), the Court denied confirmation of the Debtors' Chapter 13 Plan after finding that the Plan failed to meet the good faith requirement of § 1325. The Debtors in this case received a refund of $3,361.68 approximately six weeks before filing their Chapter 13 case, which refund was from accrued payments in a prior dismissed Chapter 13 case. The refund was not included on their Schedules, and the Debtors gave conflicting and unreliable explanations regarding the disposition of those funds. The Court found that the Debtors' goals were not consistent with the purpose of Chapter 13 or the Bankruptcy Code, and that the Debtors' plan was not filed in good faith. *Id.* at 159.

While any one of the omissions of assets from the Debtor's Schedules might not serve as a basis for dismissing the Debtor's Chapter 13 case under § 1307, the Court is satisfied that all of these omissions combined evidence that the Debtor's Plan is not proposed in good faith, and the Debtor's goals are inconsistent with the

purpose of Chapter 13 and the Bankruptcy Code. Further, this Court notes that the fact that the Debtor filed Amended Schedules which included several items omitted from her original Schedules is of no consequence inasmuch as an amendment to the Schedules does not cure the failure to originally schedule an asset. *In re Muscatell*, 113 B.R. 72, 74 (Bankr.M.D.Fla.1990). In sum, the Court is satisfied that the Motion to Dismiss the Debtor's Chapter 13 case is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the Debtor's Chapter 13 Case is hereby granted and the above-captioned Chapter 13 case is hereby dismissed.