**In re Robert BROOKS and Mary Brooks, Debtors.**

**Diane Jensen, Trustee, Plaintiff,**

**v.**

**Robert Brooks and Mary Brooks, Defendants.**

**Bankruptcy No. 01–10734–9P7. Adversary No. 01–694.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Feb. 19, 2002.

Phillip J. Jones, Wilkins, Frohlich, Jones, Hevia, Russel, Port Charlotte, FL, for debtors.

Diane L. Jensen, Fort Myers, FL, Chapter 7 Trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is a challenge of the right to the benefits of the general discharge of Robert Brooks and his wife, Mary Brooks (Debtors). The Complaint, filed by Diane Jensen, the duly appointed Chapter 7 Trustee (Trustee) on September 20, 2001, consists of three counts that can be summarized as follows.

In Count I, the Trustee alleges that the Debtors knowingly and fraudulently committed false oath in connection with four distinct issues. First, by failing to schedule the funds they obtained within one year of their bankruptcy from liquidating certain stocks and mutual funds, by failing to schedule the proceeds as income, and by failing to disclose the disposition of their stocks and mutual funds in answering Question # 10 on the Statement of Financial Affairs. Second, the Trustee alleges, in Count I, that the Debtors made substantial pre-payments within 90 days of the date of filing their Petition on their home mortgage and therefore, the Schedule D, which stated a balance due on the mortgage in the amount of $51,009.02, was false because the true balance was $26,076.50. Also, according to the Trustee,

the Debtors failed to disclose these payments on their Statement of Financial Affairs. Third, the Trustee alleges that within one year of the commencement of this case, the Debtors transferred a Certificate of Deposit in the amount of $1,000 and some jewelry to family members and none of these transfers were disclosed either in Question #7 or #10 of the Statement of Financial Affairs. Finally, the Trustee alleges that the Debtor, Robert Brooks, was the chief executive officer of Hydro–Air Industries, Inc. but failed to disclose his relationship to this corporation on his Statement of Financial Affairs. Based on the foregoing, the Trustee contends that the Debtors are not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

The Trustee's claim in Count II is based on 11 U.S.C. § 727(a)(4)(D). In support of this claim, the Trustee alleges that the Debtors, in spite of repeated demands by the Trustee, failed to provide the Trustee with books, documents and papers relevant to the transfers and payments described above and withheld from the Trustee information necessary for the administration of the Debtors' estate.

■ The Trustee's claim in Count III is based on 11 U.S.C. § 727(a)(2)(A). In this count, the Trustee alleges that the Debtors: (i) within one year of filing their Petition, transferred $1,000 and various items of jewelry to family members; and (ii) within 90 days of filing their Petition, paid approximately $25,000 to Household Financial Services, thereby pre-paying the mortgage encumbering their residence. The Trustee contends that these transfers were made with the intent to hinder, delay or defraud creditors.

In due course, the Debtors filed their Answer to each count of the Complaint where they admitted and denied some of the allegations as set forth in the Complaint. At the duly scheduled final evidentiary hearing, the following facts relevant to the claims were established as follows.

The Debtors filed their Voluntary Petition for Relief under Chapter 7 on June 7, 2001. With the Petition, they also filed the documents required by F.R.B.P. 1007, including the Statement of Financial Affairs, Schedules and Income and Expense Statement. The Debtors, in their Response to Request for Admission, admitted all allegations of the Trustee in all three counts of the Complaint. Thus, the Debtors cannot deny that they did in fact fail to disclose all the transactions alleged by the Trustee. In defense of the claims asserted by the Trustee, the Debtors assert that (i) they did not intend to defraud any creditors; (ii) they ultimately gave the documents requested by the Trustee; and (iii) they disclosed, at the meeting of creditors, the transactions they omitted from the Schedules and Statement of Affairs.

■ Based on the record, this Court makes the following conclusions. It should be noted at the outset that while the burden of proof is on the party challenging a debtor's right to benefits of the general discharge, the standard of proof is no longer the clear and convincing evidence but a mere preponderance is sufficient to prevail on the objections. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(dicta); *In re Keeney*, 227 F.3d 679 (6th Cir.2000); *In re Scott*, 172 F.3d 959 (7th Cir.1999); *In re Brown*, 108 F.3d 1290 (10th Cir.1997). It is also well established that the provisions of the discharge were designed to assist a financially distressed debtor to give a fresh start in life unencumbered from the financial vicissitudes of the debtor's past. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Thus, these provisions of the Code should be construed in favor of the debtor and strictly against the one who challenges

the debtor's right to the discharge. *In re Muscatell*, 113 B.R. 72 (Bankr.M.D.Fla. 1990). However, it is equally true that the benefits of the discharge are reserved to honest debtors.

■ A debtor who comes to the bankruptcy court must come clean and make full disclosure of all information relevant to the administration and must fully cooperate with the trustee. *Kentile Floors, Inc. v. Winham*, 440 F.2d 1128 (9th Cir.1971); *In the Matter of Garman*, 643 F.2d 1252 (7th Cir.1980). It is not for the debtor to decide what is and is not relevant. A debtor who omits important information and fail to make full disclosure, place the right to the discharge in serious jeopardy. Neither would an attempt or willingness of the debtor to undo a tainted transaction and recover the property transferred negate the non-disclosure and somehow clean the debtor's hands.

■ Whether or not the omissions were disclosed at the 341 meeting is of no consequence. It is well established that the debtor may not hide behind the "invisible cloak" of disclosure by alleging that although the required information was not listed on the appropriate schedules, the omitted assets were revealed to the Trustee at the 341 meeting of creditors. Some policy considerations mandate that the requirement to list all assets and liabilities is an absolute obligation of those seeking discharge of their debts. Any other result would put the debtor in the position of deciding which assets are worthy of disclosure and which are not. Creditors are entitled to judge for themselves which assets will and will not benefit the estate. The veracity of a debtor's Statement is absolutely essential to the successful administration of the Bankruptcy Code. *Diorio v. Kreisler–Borg Construction Co.*, 407 F.2d 1330 (2nd Cir.1969); *In re Chalik*, 748 F.2d 616 (11th Cir.1984). This is

especially true if the debtor takes no curative steps after the Trustee or a creditor discovered the questionable transactions or after the Trustee or the creditor already filed an adversary proceeding for the purpose of recovering the fraudulently transferred assets or fails to give the documents repeatedly sought by the Trustee. Incomplete Schedules, improper and incorrect answers on the Statement of Financial Affairs are forgiven at times if the debtor is not represented by counsel or is not a person of any sophistication. It is true that a discharge should not be denied when the omissions were due to mere mistake or inadvertence. *In re Ellingson*, 63 B.R. 271 (Bankr.N.D.Iowa 1986).

In the present instance, both Debtors were represented by counsel and both are highly educated. Mr. Brooks graduated from college earning a B.A. in Economics and an MBA in Accounting. Ms. Brooks is a college graduate and earned a B.A. in English. This is not the case where the debtor is a naive and unsophisticated individual who is not capable of understanding the meaning of the questions on the Statement of Financial Affairs stated in plain English. This proposition flies in the face of common sense and every day experience of anyone with even a minimum of savvy and experience. *In re Kessler*, 51 B.R. 895 (Bankr.D.Kan.1985). In the present instance, the Schedules and Statement of Financial Affairs were replete with numerous significant omissions and indicate a pervasive pattern that is certainly sufficient to warrant a conclusion that they were not due to mistake or oversight.

This record reveals more than sufficient uncontroverted facts which are more than sufficient to conclude that the Trustee did establish by a preponderance of the evidence all three claims set forth in the Complaint. Therefore, it is appropriate to deny the Debtors' discharge and find in

favor of the Trustee and against the Debtors with respect to Counts I, II, and III of the Complaint.

A separate final judgment shall be entered in accordance with the foregoing.